UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KIRKPATRICK B. DUNBAR**

      Plaintiff,

  v.

**842 2ND AVENUE, LLC, et al.**

      Defendants.

Case No.:18-cv-5829-ALC

**ANSWER OF DEFENDANT 842 2ND AVENUE, LLC TO PLAINTIFF'S COMPLAINT**

Defendant 842 2nd Avenue, LLC ("Responding Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff Kirkpatrick B. Dunbar's ("Plaintiff") Complaint as follow:

## INJUNCTIVE RELIEF SOUGHT

The allegations in the first unnumbered paragraph of the Complaint assert characterizations and/or legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations and the relief sought in the first unnumbered paragraph of the Complaint.

## JURISDICTION

1. The allegations in paragraph 1 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 2 of the Complaint.

## PARTIES

3. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8. Responding Defendant admits only that it is a New York limited liability company that transacts business in the State of New York and within this judicial district and owns the real property located at 842 2nd Avenue, New York, New York 10017. Answering further, Responding Defendant denies the remaining claims in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION

9. The allegations in paragraph 9 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant admits the allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint assert legal conclusions and/or characterizations of a statute to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 10 of the Complaint

to the extent they are inconsistent with or improperly characterize 42 U.S.C. §§ 12101(a)(1)-(3), (5) and (9).

11. The allegations in paragraph 11 of the Complaint assert legal conclusions and/or characterizations of a statute to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 11 of the Complaint to the extent they are inconsistent with or improperly characterize 42 U.S.C. §§ 12101(b)(1), (2) and (4).

12. The allegations in paragraph 12 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 14 of the Complaint.

15. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. Responding Defendant denies the allegations in paragraph 18 of the Complaint.

19. Responding Defendant denies the allegations in paragraph 19 of the Complaint.

## **ACCESSIBLE ELEMENTS**

a. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (a) of the Accessible Elements section of the Complaint and therefore denies them.

b. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (b) of the Accessible Elements section of the Complaint and therefore denies them.

c. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (c) of the Accessible Elements section of the Complaint and therefore denies them.

d. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (d) of the Accessible Elements section of the Complaint and therefore denies them.

e. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (e) of the Accessible Elements section of the Complaint and therefore denies them.

f. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (f) of the Accessible Elements section of the Complaint and therefore denies them.

g. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (g) of the Accessible Elements section of the Complaint and therefore denies them.

h. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (h) of the Accessible Elements section of the Complaint and therefore denies them.

i. Responding Defendant denies the allegations in paragraph (i) of the Accessible Elements section of the Complaint.

## RESTROOMS

a. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (a) of the Restrooms section of the Complaint and therefore denies them.

b. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (b) of the Restrooms section of the Complaint and therefore denies them.

c. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (c) of the Restrooms section of the Complaint and therefore denies them.

d. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (d) of the Restrooms section of the Complaint and therefore denies them.

e. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (e) of the Restrooms section of the Complaint and therefore denies them.

f. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (f) of the Restrooms section of the Complaint and therefore denies them.

g. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (g) of the Restrooms section of the Complaint and therefore denies them.

h. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (h) of the Restrooms section of the Complaint and therefore denies them.

i. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (i) of the Restrooms section of the Complaint and therefore denies them.

j. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (j) of the Restrooms section of the Complaint and therefore denies them.

k. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (k) of the Restrooms section of the Complaint and therefore denies them.

l. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (l) of the Restrooms section of the Complaint and therefore denies them.

m. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (m) of the Restrooms section of the Complaint and therefore denies them.

20. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23. The allegations in paragraph 23 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 23 of the Complaint.

24. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. Responding Defendant denies the allegations in paragraph 26 of the Complaint.

27. Responding Defendant denies the allegations in paragraph 27 of the Complaint.

28. The allegations in paragraph 28 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 28 of the Complaint.

## SECOND CAUSE OF ACTION – VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW

29. The allegations in paragraph 29 of the Complaint assert legal conclusions and/or characterizations of a statute to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 29 of the Complaint to the extent they are inconsistent with or improperly characterize NYC Admin. Code § 8-107(4)(a).

30. Responding Defendant denies the allegations in paragraph 30 of the Complaint.

31. Responding Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 31 as if set forth herein.

## THIRD CAUSE OF ACTION – VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW

32. The allegations in paragraph 32 of the Complaint assert legal conclusions and/or characterizations of a statute to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 32 of the Complaint to the extent they are inconsistent with or improperly characterize NYS Exec. Law § 296(2)(a).

33. The allegations in paragraph 33 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations in paragraph 33 of the Complaint.

34. Responding Defendant denies the allegations in paragraph 34 of the Complaint.

35. Responding Defendant denies the allegations in paragraph 35 of the Complaint.

36. Responding Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 36 as if set forth herein.

## DAMAGES, ATTORNEY FEES AND COSTS

37. Responding Defendant denies the allegations in paragraph 37 of the Complaint.

38. Responding Defendant denies the allegations in paragraph 38 of the Complaint.

39. Responding Defendant denies the allegations in paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

40. Responding Defendant denies any allegations contained in the Complaint, and the relief requested in Plaintiff's prayer for relief, not specifically admitted herein.

### SECOND DEFENSE

41. Plaintiff's allegations fail to state a claim against Answering Defendant upon which relief may be granted.

### THIRD DEFENSE

42. If it is determined that the Property is not in full compliance with Title III of the ADA or ADAAG, any and all alterations required to correct such violations are not readily achievable.

### FOURTH DEFENSE

43. Plaintiff's claims are barred because Plaintiff lacks standing to bring a cause of action under Title III of the ADA.

### FIFTH DEFENSE

44. If it is determined that the Property, as defined in paragraph 3 of the Complaint, is not in full compliance with Title III of the ADA or ADAAG, any such violations are de minimis, technical, and/or do not prevent effective access by Plaintiff.

**SIXTH DEFENSE**

45. If it is determined that the Property is in violation of Title III of the ADA, the Court should decline an award of attorneys' fees and costs to Plaintiff pursuant to <u>Costello v. Flatman, LLC,</u> 27 A.D. Cases 1657, 2013 WL 1296739 (E.D.N.Y 2013); See also <u>Adams v. 724 Franklin Avenue Corp.</u>, 2016 WL 7495804 (E.D.N.Y 2016); <u>Macort v. Checker Drive In Restaurants, Inc.</u>, 2005 U.S. Dist. Lexis 2437 (M.D. Fla. 2005) as Plaintiff made no effort prior to filing the lawsuit to obtain voluntary compliance.

**SEVENTH DEFENSE**

46. Responding Defendant reserves the rely upon each and every affirmative offense or other avoidance provided by the Federal Rules of Civil Procedure or other law that may become known during the course of this litigation, including discovery, trial, or otherwise and therefore reserves the right to amend its Answer to assert such defenses.

**WHEREFORE**, Defendant 842 2nd Avenue, LLC respectfully requests that Plaintiff's claims be dismissed on the merits and with prejudice; that Responding Defendant be awarded its attorneys' fees and costs incurred in this case; and that it be granted such other relief as the Court deems just and reasonable.

Dated: August 13, 2018

Respectfully submitted,
*/s/ Robert A. Koenig*
Robert A. Koenig (Admitted *Pro Hac Vice*)
Katherine S. Decker (*Pro Hac Vice* Admission Pending)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604-5573
Telephone:   (419) 241-9000
Facsimile:    (419) 241-6894
Email:          rkoenig@slk-law.com
                    kdecker@slk-law.com

*Attorneys for Defendant 842 2nd Avenue, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that on August 13, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to Plaintiff by operation of the Court's electronic filing system. Plaintiff may access this filing through the Court's system. A copy was also sent via ordinary U.S. mail to Defendant J-V Successors, Inc. at 842 Second Avenue, New York, New York 10017.

                                                */s/ Robert A. Koenig*
                                                Robert A. Koenig (Admitted *Pro Hac Vice*)
                                                Katherine S. Decker (*Pro Hac Vice* Admission Pending)
                                                SHUMAKER, LOOP & KENDRICK, LLP

                                                *Attorneys for Defendant 842 2nd Avenue, LLC*